8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elmo Sanchez ABAD, Defendant-Appellant.
 No. 93-50059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Oct. 1, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Elmo Sanchez Abad appeals his sentence imposed under the Sentencing Guidelines. Although he received a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) (1992), he contends on appeal that the district court erred by denying him the additional one-level reduction provided by section 3E1.1(b). We reject his contention and affirm.
 
 
 3
 To qualify for the three level reduction, a defendant must have "timely provid[ed] complete information to the government concerning his own involvement in the offense" or "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." We agree with the district court that Abad did neither.
 
 
 4
 Abad pleaded guilty on November 2, 1992, one day before his scheduled trial date. He argues that he could not change his plea until he reviewed all discoverable information and he asserts that he promptly notified the government after he had an opportunity to review that information. The district court reasoned that "it's not really accepting responsibility if he says, well, I'm going to wait and see if they can prove it before I'll accept responsibility." We agree with the district court that the timing of Abad's guilty plea did not qualify as a "sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. § 3E1.1, comment. (n. 6). The fact that Abad was forced to make a difficult choice did not infringe on his constitutional rights. See United States v. Davis, 960 F.2d 820, 829 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992).
 
 
 5
 We also agree with the district court that Abad did not provide complete information to the government. Although Abad provided some information to the government, the court said "but that doesn't mean covering all the nuances that--of this offense, answering all the questions." We conclude that the district court did not err by denying Abad the additional one-level reduction.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3